30 F.3d 142
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Neal K. OSTLER, Plaintiff-Appellant,
v.
Dave BUHLER, in his capacity as Director of the Utah
Department of Commerce; Utah Department of Commerce; Utah
Department of Commerce, a political subdivision of the State
of Utah; Gary W. Deland, in his individual capacity and as
Director of the Department of Corrections; Utah Department
of Corrections, a political subdivision of the State of
Utah; Doug Brodrero, in his capacity as Director of the
Department of Public Safety; Utah Department of Public
Safety; Utah Department of Public Safety; Utah Department
of Public Safety, a political subdivision of the State of
Utah; John Does 1 through 25, Defendants-Appellees.
 No. 93-4010.
 United States Court of Appeals, Tenth Circuit.
 Aug. 3, 1994.
 
 1
 Before MOORE and KELLY, Circuit Judges, and BABCOCK,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Neal K. Ostler appeals from the district court's order granting defendants' motion to dismiss his amended complaint. We affirm.
 
 
 4
 Plaintiff sued defendants in their official capacities alleging violations of 42 U.S.C.1983 and the Employee Retirement Income Security Act (ERISA), 29 U.S.C. 1001-1461. He also alleged state law claims of wrongful termination, breach of contract, defamation, tortious interference with an existing economic relationship, and invasion of privacy. Only defendant Deland was sued in his individual capacity.
 
 
 5
 The district court dismissed plaintiff's claims against the defendants in their official capacities holding suit was barred by the Eleventh Amendment. Plaintiff does not challenge this ruling on appeal and we do not address it. Likewise, plaintiff does not challenge the district court's dismissal of his pendent state claims against Deland in his individual capacity.
 
 
 6
 The district court dismissed with prejudice plaintiff's federal claims against defendant Deland individually for failure to state a claim. Plaintiff argues this ruling was in error. Plaintiff further argues that if this ruling were correct, he should have been allowed to amend his complaint a second time to cure any deficiencies.
 
 
 7
 In reviewing a district court order dismissing a complaint pursuant to Fed.R.Civ.P. 12(b)(6), we examine the sufficiency of the complaint de novo. Coosewoon v. Meridian Oil Co., 25 F.3d 920, 924 (10th Cir.1994). We will uphold the district court's ruling only when it appears the plaintiff can prove no set of facts in support of his claims, construed in the light most favorable to him, which would entitle him to relief. Id.
 
 
 8
 Therefore, we first review the facts presented in plaintiff's amended complaint. Plaintiff began his state employment as an alcohol and substance abuse therapist with the Utah State Prison which operates under the control of the Utah Department of Corrections. Defendant Deland is director of that department.
 
 
 9
 Plaintiff transferred to the Department of Commerce where he worked as a motor carrier investigator. In 1990, the legislature moved the motor carrier section to the Department of Public Safety. Plaintiff alleged he was promised his job would continue after the move. However, plaintiff was terminated. Plaintiff's termination ostensibly occurred as part of a Department of Commerce reduction in force which allegedly was instituted after plaintiff transferred to the Department of Public Safety.
 
 
 10
 Plaintiff alleged his termination violated his property rights under 1983 because he was terminated without cause and violated his due process rights under 1983 because he was not offered a hearing and was not given reasons for his termination. Plaintiff alleged the ERISA violations arose because he was terminated to save the payment of costs and benefits that would be due him after twenty years of public service.[2]
 
 
 11
 Taking these facts as true, we look at whether plaintiff has alleged facts sufficient to show he could be entitled to relief. See Coosewoon, 25 F.3d at 924; see also Neitzke v. Williams, 490 U.S. 319, 326 (1989)(Rule 12(b)(6) permits court to dismiss claim on dispositive legal issue assuming factual allegations in complaint are true). Plaintiff asserts he meets this standard as he alleged Deland, by making false and misleading statements against him, induced the Departments of Commerce and Public Safety to terminate him.
 
 
 12
 A review of plaintiff's amended complaint does not show that plaintiff made any specific allegations of misconduct by Deland as related to the federal claims. Deland is not specifically mentioned until plaintiff's state law claims are set forth. In his breach of contract claim, plaintiff alleged that "due to blacklisting by Defendants," his "implied and or express contract" of employment was breached. Plaintiff's App. at 13. In his slander defamation claim, plaintiff alleged Deland made false statements about plaintiff to the director of the Department of Public Safety. Id. at 15-17. In his claim of tortious interference with his economic relations, plaintiff alleged Deland knew plaintiff had an expectation of continuing as a motor carrier investigator, but interfered with that expectation by defaming plaintiff and causing his employment to be terminated without just cause. Id. at 19.
 
 
 13
 The plaintiff has the burden of alleging sufficient facts underlying his legal claims. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991); see also Lone Star Indus., Inc. v. Horman Family Trust, 960 F.2d 917, 922 (10th Cir.1992)(complaint must contain short plain statement sufficient to give defendant fair notice of claims and grounds on which claims rest). Plaintiff's state law claims against Deland are not sufficient to state federal claims of 1983 and ERISA violations against Deland.
 
 
 14
 Plaintiff argues that if his complaint were deficient, he should have been permitted to amend the complaint to cure the deficiencies. The filing of a motion to dismiss gives the plaintiff notice that his complaint is potentially deficient and the opportunity to amend his complaint to cure the alleged deficiencies. Hall, 935 F.2d at 1109-10. Plaintiff did amend his complaint once. The district court's docket sheet does not show that plaintiff moved to file a second amended complaint. Absent such a motion, no error occurred. See Fed.R.Civ.P. 15(a); cf. Boone v. Carlsbad Bancorporation, Inc., 972 F.2d 1545, 1554-55 (10th Cir.1992)(plaintiff sought leave to amend complaint to cure pleading defect). Further, dismissal of plaintiff's complaint with prejudice was appropriate. A dismissal for failure to state a claim is a resolution on the merits and, therefore, is with prejudice. See Lone Star Indus., 960 F.2d at 920.
 
 
 15
 The judgment of the United States District Court for the District of Utah is AFFIRMED.
 
 
 
 **
 Honorable Lewis T. Babcock, District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Plaintiff also alleged claims of interference with future employment because when he reapplied for employment, he was told he was disqualified because of misrepresentations on his application. Plaintiff alleged he was not interviewed for new positions despite the fact that he was qualified due to blacklisting by Deland and other defendants. Plaintiff apparently agrees that the district court correctly held that Siegert v. Gilley, 500 U.S. 226 (1991), does not allow his reputational injury claims against Deland to proceed as they apply to the loss of future employment. We do not address these claims